IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MATTHEW HYMAN and<br>JESSICA HYMAN, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-13-820-D |
| | ) | |
| THE TRAVELERS HOME AND MARINE<br>INSURANCE COMPANY; PMG ONE,<br>L.C., d/b/a/ CRDN OF OKLAHOMA; and<br>PHOENIX DISASTER RESTORATION<br>SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 6, 2013, this case was removed to this Court by Defendant The Travelers Home and Marine Insurance Company ("Travelers") with the consent of the remaining two Defendants. The basis for Travelers' removal was that the other two Defendants, PMG One, L.C., d/b/a CRDN of Oklahoma ("CRDN") and Phoenix Disaster Restoration Services, LLC, ("Phoenix") were fraudulently joined in Plaintiffs' Amended Petition. *See* Doc. No. 6.

In their Amended Petition filed in state court, Plaintiffs alleged claims against Defendant Travelers, their homeowner's insurance carrier, for breach of contract, breach of the duty of good faith and fair dealing, and negligent underwriting. They also alleged two claims against both CRDN and Phoenix, non-diverse Defendants, one for breach of contract and one for fraud and deceit, which is also alleged against Defendant Travelers. In their claim for fraud and deceit, Plaintiffs allege that Defendant Travelers contacted, referred and

directed Defendants CRDN and Phoenix to assist in Plaintiffs' personal property claim. Amended Petition at ¶ 49. They further allege that all three Defendants represented that they would conduct a fair, reasonable and objective inspection of Plaintiffs' personal property. *Id.* at 50. They allege that all Defendants knew that the true purpose of having Defendants CRDN and Phoenix involved was to ensure Plaintiffs' items were cleaned instead of replaced even though Plaintiffs had purchased the more expensive replacement cost policy. *Id.* at ¶ 52. Plaintiffs allege that they suffered injury as a direct result of the material misrepresentations made by the Defendants because their items were repaired instead of being replaced as provided in the insurance contract, with the result that Defendant Travelers saved money and Plaintiffs were wrongly underpaid. *See* Amended Petition at ¶¶ 55-57, 59.

Plaintiffs have filed a motion to remand this case to state court [Doc. No. 12], asserting that Defendant Travelers cannot show that Defendants CRDN and Phoenix were fraudulently joined.

"'To establish [fraudulent] joinder, the removing party must demonstrate either: 1) actual fraud in the pleadings of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 986 (10th Cir. 2013), (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). The removing defendant has a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff. *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). Under the second method of establishing fraudulent joinder, which Defendant Traveler relies on here, the

defendant must show that there is no possibility of recovery by the plaintiffs against the in-state defendants. *See Monsanto v. Allstate Indemnity*, 2000 WL 525592, at *1 (10th Cir. April 14, 2000)(unpublished); *Wagoner v. Hussey Seating Co.*, 2013 WL 6048853, at *2 (N.D. Okla. Nov. 14, 2013)(No. 13-CV-352-TCK-PJC)(unpublished). "In determining whether there is any possibility of recovery, courts may 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Wagoner* at *2 (quoting *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)(internal citations omitted)). It is sometimes said that a removing defendant must establish fraudulent joinder by clear and convincing evidence, *see Wagoner* at *2 n. 6 (collecting district court cases), but the Tenth Circuit has indicated that fraudulent joinder is established, and the denial of remand is appropriate, where the removing defendant establishes "the non-liability of [the non-diverse defendants] ... with complete certainty upon undisputed evidence." *Smoot*, 378 F.2d at 882.

Plaintiffs' policy of insurance with Defendant Travelers at issue in this case provides in relevant part as follows:

> 3. **Loss Settlement.** Covered property losses are settled as follows:
>
> a. Property of the following types
>
> (1) Personal property;
>
> ***
>
> at actual cash value at the time of loss but not more than the amount required to repair or replace.

Policy, Section I-Conditions (Exhibit 12 to Defendant's Response). Plaintiff Matthew

Hyman has testified that to his knowledge Plaintiffs did not pay any out-of-pocket money to CRDN or to Phoenix. Deposition of Matthew Hyman (Ex. 2 to Defendant's Response) at p. 76. Indeed, it is undisputed that all of the funds used to pay CRDN and Phoenix were paid by Defendant Travelers. Although Plaintiffs were asked by way of interrogatory to set forth all damages, if any, which they sought for each of their claims in this suit, Plaintiffs objected to the interrogatory as overly broad, vague, ambiguous and possibly seeking a legal conclusion. *See* Plaintiffs' Response to Defendant Travelers' First Interrogatories, No. 13 (Ex. 7 to Defendant's Response).

Plaintiffs complain that Defendant Travelers rescheduled and has not yet taken the deposition of Plaintiff Jessica Hyman, the Plaintiff who dealt with Travelers and is the most knowledgeable regarding the claims, but Jessica Hyman has submitted her affidavit in support of Plaintiffs' motion to remand. *See* Ex. 10 to Plaintiffs' motion. In her affidavit, Jessica Hyman does not set forth any loss or damages that Plaintiffs sustained as a result of the alleged breaches of contract or fraud by CRDN or Phoenix. *Id.* Rather, she explains Plaintiffs' theories of recovery as follows:

> 10. CRDN and Phoenix breached the contract[s] and committed fraud by not disclosing their contractual relationship with Travelers, not providing an estimate for work I had to pay for and charging an excessive amount of money to clean items that I could have cleaned or replaced myself for much less money.

Affidavit of Jessica Hyman (Ex. 10 to Plaintiffs' Motion, at ¶ 10). Although Jessica Hyman refers to work she had to pay for, she makes it clear in her affidavit that the funds to pay CRDN and Phoenix were provided to her by Defendant Travelers. *Id*. at ¶ 49. Neither

Plaintiff has identified any items of personal property that were not properly cleaned by CRDN or Phoenix or any items that Plaintiffs contend should have been replaced rather than cleaned.  But accepting as true that Plaintiffs could have cleaned or replaced items of their personal property for much less money, Plaintiffs have failed to show how they were damaged as a result because it is undisputed that Defendant Travelers paid for all cleaning of personalty done by CRDN and Phoenix.  While those entities might have benefitted financially if what Plaintiff Jessica Hyman says is true, the record herein demonstrates with complete certainty that Plaintiffs did not suffer and cannot show that they suffered any loss as a result of the alleged conduct of CRDN or Phoenix.  Defendant Travelers has shown that there is no possibility of recovery by Plaintiffs against the non-diverse Defendants herein, CRDN and Phoenix.

In accordance with the foregoing, Plaintiffs' motion to remand [Doc. No. 12] is DENIED and Defendant CRDN and Phoenix, the non-diverse Defendants, are DISMISSED as fraudulently joined.

IT IS SO ORDERED this 10th day of January, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE